T.C. Memo. 1999-287


UNITED STATES TAX COURT


ROBERT W. EBERLE AND DEBORAH M. EBERLE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10218-98.                    Filed August 30, 1999.


James M. Kamman, for petitioners.

Jeffrey A. Schlei and Michael H. Salama, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  By notice dated March 30, 1998, respondent
determined deficiencies in, and penalties relating to,
petitioners' 1993, 1994, and 1995 Federal income taxes.  After
concessions, the sole issue for decision is whether discharge of
indebtedness income that is excluded, pursuant to section 108,
from the gross income of an S corporation increases the basis of

Mr. Eberle's stock in the S corporation. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The parties submitted this case fully stipulated pursuant to Rule 122. At the time the petition was filed, Robert and Deborah Eberle resided in Laguna Beach, California. During the years in issue, Mr. Eberle was a shareholder in J.A.K.E. Management Services, Inc. (J.A.K.E.), an S corporation. In 1995, J.A.K.E. realized, but excluded pursuant to section 108(a), $5,254,480 of discharge of indebtedness income.

In 1995, Mr. Eberle had suspended (i.e., unused) losses relating to J.A.K.E. because he did not have sufficient stock basis to deduct such losses in prior years. On their 1995 tax return, petitioners increased Mr. Eberle's stock basis by the amount of his pro rata share of J.A.K.E.'s discharge of indebtedness income, and, as a result, petitioners deducted a portion of the suspended losses.

Respondent contends that, pursuant to Nelson v. Commissioner, 110 T.C. 114 (1998), affd. ___ F.3d ___ (10th Cir., July 6, 1999), Mr. Eberle's stock basis is not increased. In Nelson, we held that an S corporation's shareholder may not increase his basis to reflect the S corporation's excluded discharge of indebtedness income. See id. Petitioners do not

attempt to distinguish <u>Nelson</u>, but instead contend that <u>Nelson</u> was decided incorrectly.  This case is indistinguishable from <u>Nelson</u>, and we need not reiterate our analysis.  Accordingly, we hold that the discharge of indebtedness income does not increase Mr. Eberle's stock basis.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.